# IN THE COURT OF APPEALS OF IOWA

No. 23-0812
Filed May 22, 2024

**WALTER JAMES MEAD,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Woodbury County, James N. Daane, Judge.

        Walter Mead appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

        Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

        Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

        Considered by Bower, C.J., Badding, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**BOWER, Chief Judge.**

Walter Mead appeals the dismissal of his application for postconviction relief (PCR). Because Mead's PCR application was filed more than three years after his conviction was final and he asserted no ground of fact material to his substantive claim that could not have been presented within the three-year time frame, *see* Iowa Code § 822.3 (2022), we affirm.

## I. Background Facts and Proceedings

In 2014, Mead entered a written plea of guilty to third-degree sexual abuse. In 2022, he filed an application for PCR, claiming his trial counsel, Brien O'Brien, was ineffective in failing to investigate the case or inform him of the lifetime special sentence. The State filed a motion for summary judgment, asserting Mead's claim was barred by the statute of limitations. The State further argued the record (including the written plea agreement and the plea hearing transcript) directly refuted Mead's claim he was never informed of the special sentence or was dissatisfied with trial counsel's investigation.[1]

Mead filed a motion for discovery and continuance of hearing on the State's motion for summary judgment, alleging his recent discovery of O'Brien's "long history of disciplinary actions" constituted a new ground of law or fact rendering the statute of limitations inapplicable. Mead requested a continuance "to allow him to conduct discovery to support these arguments, including retaining an investigator to locate O'Brien and deposing him regarding his representation of [Mead]." Mead claimed "[t]his information is vital to [his] resistance of the State's

---

[1] As an aside, we have reviewed the underlying criminal record, and the State's assertion on this point is well-founded.

affirmative defense regarding the statute of limitations as well as his articulation of the substance of . . . his complaints about the voluntariness of his plea and the effectiveness of counsel." The State resisted Mead's motion.

Following a hearing, the district court entered an order allowing the parties additional time to brief the issue of whether Mead should be allowed additional discovery on the issues raised in O'Brien's 2022 disciplinary proceedings. On January 20, 2023, after considering the parties' additional briefing, the court entered a detailed and thorough order, stating in part:

> Here, Mead's ineffective assistance claim is based upon his recent discovery of the Iowa Supreme Court's 2022 opinion outlining O'Brien's repeated admonishments. But, O'Brien's disciplinary admonishments are only relevant to Mead's postconviction ineffective assistance claim if there is a nexus between O'Brien's alleged lack of due diligence in Mead's case resulting in Mead's conviction, and O'Brien's newly discovered disciplinary record. In other words, what did O'Brien do or not do at the time of, or prior to, Mead's plea and sentence that makes new evidence of O'Brien's discipline relevant to investigate?
> The court can find no credible allegations of evidence in Mead's postconviction petition and supporting documents to date that establishes any ineffective assistance of counsel by O'Brien *in Mead's case.* As outlined above, Mead's written plea agreement, and his plea and sentencing colloquy, confirmed that Mead had no complaints at the time of the plea and sentencing concerning O'Brien's assistance. In making these conclusions, the court finds it relevant that as to each of the defendant's claims in his Petition regarding the manner in which O'Brien was ineffective, Mead's plea colloquy confirms precisely the opposite. Instead, it is clear from a review of the transcript that Mead acknowledged his full understanding of all elements of the charge to which he was pleading, that he had committed those elements, that after having time and opportunity to inquire of O'Brien as to any potential defenses he was satisfied with O'Brien's advice, and that Mead agreed he was, in fact, guilty. To now claim to [the] contrary as to each of the court's inquiries during the plea colloquy is strong evidence of Mead's lack of candor in now asserting O'Brien was ineffective *in Mead's case.* And without any evidence that O'Brien's actions or inactions *in Mead's case* were ineffective, the court has no basis upon which to evaluate whether this new "ground of fact" is

even relevant to any allegation of ineffective assistance *in Mead's case.*

> If Mead has evidence of what O'Brien did or failed to do *in Mead's case* (as opposed to in any of O'Brien's other cases) of which evidence Mead had no notice during his 3-year statute of limitations period, then Mead shall proffer that evidence in accordance with Iowa Rule of Civil Procedure 1.981 within the next 45 days. If no such evidence is forthcoming, the State's motion for summary judgment will be granted. If any such evidence is proffered in accordance with rule 1.981 within the next 45 days, the court shall set a hearing on the State's motion for summary judgment and Mead's resistance on a date sufficiently removed from the filing of Mead's resistance to permit the State to fairly respond if it wishes.

Near the end of the deadline, Mead filed a motion requesting "an additional fifteen days" to respond to the court's prior order. The court granted the motion and allowed Mead until March 24, 2023, to comply with its prior order. On April 14, the court entered the following order:

> On the 13th day of April, 2023, attorney for [Mead] advised the court's reporter by electronic mail that [Mead] is not going to be able to offer any evidence responsive to the court's January 20, 2023, order. The court therefore finds that the State's motion for summary judgment should be granted for the reasons set out in that order.

Mead appeals.

## II. Standard of Review

We review the summary dismissal of a PCR application for correction of errors at law. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). Applying our summary judgment standards to summary disposition of PCR applications, summary disposition is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Id.* (alteration in original) (quoting Iowa R. Civ. P. 1.981(3)). The State, as the moving party, bears the burden of proving there

are no genuine issues of material fact, and we review the record in the light most favorable to Mead. *See id.* "The onus in on the applicant to" establish "the 'obvious requirement' that he or she could not have raised the ground of fact within the limitations period." *Moon*, 911 N.W.2d at 143.

### III.    Discussion

On appeal, Mead claims the court erred by granting the State's motion for summary judgment without a full evidentiary hearing on the merits of his ineffective-assistance-of-counsel claim relating to "O'Brien's egregious professional record" because he should "be allowed to present whatever proof he may have to support that claim."

Applying the summary judgment standards, we agree the State proved no issue of material fact is in dispute. Mead's conviction was final in 2014. Under Iowa Code section 822.3, Mead had until 2017 to apply for PCR from the conviction. His PCR application was filed more than four years after the limitation period expired. Because the application was untimely on its face, summary dismissal was appropriate unless Mead established a new ground of fact or law excepting his application from the statute of limitations.

Mead maintains he was not allowed an opportunity to prove his PCR application falls under the exception in section 822.3 for "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. However, the court held a hearing on Mead's motion for continuance and thereafter granted two continuances to allow Mead to develop his asserted ground of fact and "show a nexus between the asserted ground of fact and the challenged conviction." *See Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). Mead did

not meet his burden of establishing his claims survived the statute of limitations based on the new-ground-of-fact exception. *See Cropp v. State*, No. 17-1952, 2019 WL 3943992, at *4 (Iowa Ct. App. Aug. 21, 2019); *Williams v. State*, No. 23-0502, 2024 WL 1553791, at *1 (Iowa Ct. App. Apr. 10, 2024) ("But despite the PCR court twice extending the deadline to amend his application, Williams never argued that he could not raise his claim earlier. Nor did he make that argument at the hearing on the State's motion. Considering Williams's silence on the issue, the PCR court properly granted summary dismissal."); *Miller v. State*, No. 18-1818, 2020 WL 109576, at *3 (Iowa Ct. App. Jan. 9, 2020) (noting "the court could not reach the merits of Miller's PCR claim (ineffective assistance of counsel) because Miller failed to show he was entitled to avoid the three-year limitations bar"); *Banks v. State*, No. 21-0787, 2022 WL 1232208, at *2 (Iowa Ct. App. Apr. 27, 2022) ("Banks took no action to obtain the purported records to support his claim for relief."). Accordingly, the PCR court did not err in dismissing Mead's application without a trial on the merits.

**AFFIRMED.**